# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | | |
|---|---|---|---|
| AMANDA HASKINS, | ) | | |
| | ) | | |
| Plaintiff, | ) | Civ. Action No. | 3:18-cv-00001-TWP-HBG |
| | ) | | |
| v. | ) | | |
| | ) | Judge: | Thomas W. Phillips |
| CBC, LLC, | ) | | |
| | ) | Magistrate Judge: | H. Bruce Guyton |
| Defendant. | ) | | |
| | ) | | |
| | ) | JURY TRIAL DEMANDED | |

## DEFENDANT CBC, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, CBC, LLC ("CBC"), by and through its attorneys, pursuant to Rules 12 and 15 of the Federal Rules of Civil Procedure, respectfully submits this Answer to the Plaintiff's First Amended Complaint [**Doc. 13**] ("Amended Complaint") and specifically states as follows:

1. CBC admits that the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a *et seq*. (the "FDCPA") are set forth therein. CBC denies that it has violated the FDCPA with respect to the Plaintiff.

2. CBC admits that the provisions of 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) are set forth therein. CBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Amended Complaint.

3. CBC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4. CBC admits that the provisions of 15 U.S.C. § 1692a(3) are set forth therein. CBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Amended Complaint.

5. CBC admits that the provisions of 15 U.S.C. § 1692a(6) are set forth therein. CBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Amended Complaint.

6. CBC admits that the provisions of 15 U.S.C. § 1692a(5) are set forth therein. CBC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint.

7. CBC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8. In response to the allegations contained in Paragraph 8 of the Amended Complaint, CBC would state that it is a limited liability company duly organized and existing under the laws of the State of Tennessee. CBC was formerly known as Mar-Joe Enterprises, LLC d/b/a CBC. On or about January 1, 2017, Mar-Joe Enterprises, LLC d/b/a CBC changed its name to CBC, LLC. To the extent that they are inconsistent with the foregoing, CBC denies the allegations contained in Paragraph 8 of the Amended Complaint.

9. CBC denies the allegations contained in Paragraph 9 of the Amended Complaint.

10. CBC denies the allegations contained in Paragraph 10 of the Amended Complaint.

11. CBC admits that the provisions of 15 U.S.C. § 1692a(2) are set forth therein. To the extent that they are inconsistent with the foregoing, CBC denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. CBC admits that the provisions of 15 U.S.C. § 1681a(f) are set forth therein. CBC admits that Equifax is a credit reporting agency. To the extent that they are inconsistent with the

foregoing, CBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13. CBC admits that the provisions of 11 U.S.C. § 1692a(2) are set forth therein. CBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14. CBC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15. CBC admits that the contents of the document attached to Plaintiff's Amended Complaint as **Exhibit 1** are set forth therein. To the extent that they are inconsistent with the foregoing, CBC denies the remaining allegations contained in Paragraph 15 of the Amended Complaint. In further response to Paragraph 15 of the Amended Complaint, CBC would state that it generally does furnish information to Equifax and that, on or about December 21, 2016, CBC submitted a Customer Profile Update Request to Equifax notifying Equifax that Mar Joe Enterprises d/b/a CBC had changed its name to CBC, LLC so that "CBC, LLC" would appear on Equifax credit reports containing information furnished by CBC. On December 22, 2016, Equifax sent CBC confirmation that its name change to "CBC, LLC" had been submitted.

16. CBC denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. CBC admits that the contents of the document attached to Plaintiff's Amended Complaint as **Exhibit 1** are set forth therein. To the extent that they are inconsistent with the foregoing, CBC denies all allegations contained in Paragraph 17 of the Amended Complaint.

18. CBC is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 18 of the Amended Complaint.

19. CBC admits that the contents of the document attached to Plaintiff's Amended Complaint as **Exhibit 1** are set forth therein. CBC admits that the provisions of 11 U.S.C. §

3

Case 3:18-cv-00001-TWP-HBG   Document 14   Filed 03/22/18   Page 3 of 6   PageID #: 54

1692a(2) are set forth therein. CBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Amended Complaint.

20. CBC denies the allegations contained in Paragraph 20 of the Amended Complaint.

21. CBC denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. CBC admits that the provisions of the United States Constitution, 7th Amendment and Rule 38 of the Federal Rules of Civil Procedure are set forth therein. CBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23. In response to <u>Causes of Action</u>, Paragraph 1 of the Amended Complaint, CBC incorporates herein by reference its responses and statements set forth in Paragraphs 1 through 22 of this Answer.

24. CBC denies the allegations contained in <u>Causes of Action</u>, Paragraph 2 of the Amended Complaint.

25. In response to <u>Causes of Action</u>, Paragraph 3 of the Amended Complaint, CBC denies that the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), denies that Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and denies that the Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

26. CBC denies that the Plaintiff is entitled to any relief against it in this civil action.

27. CBC denies any allegation in the Amended Complaint not previously admitted, denied, or explained, and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

1. CBC asserts that the Amended Complaint fails to state a claim against it upon which relief may be granted.

2. CBC asserts that any alleged violation of the FDCPA that might have occurred was not intentional and was the result of bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error pursuant to 15 U.S.C. § 1692k(C).

3. CBC asserts that the Plaintiff has not incurred any actual damages as a result of the conduct alleged in the Amended Complaint.

4. The Plaintiff's Amended Complaint fails to plead fraud and/or misrepresentation with particularity as required by Fed.R.Civ.P. 9 and, therefore, to the extent that the Plaintiff's Amended Complaint alleges any causes of action based upon fraud and/or misrepresentation, those claims should be dismissed.

5. CBC asserts that the Plaintiff has failed to mitigate her damages, if any.

6. The damages, if any, that Plaintiff has incurred were not caused by CBC's alleged conduct but would appear to have been caused by Equifax.

7. Plaintiff's alleged cause of action arising under the FDCPA is barred by the statute of limitations set forth in 15 U.S.C. § 1692k(d) to the extent that said cause of action arose prior to the time set forth therein.

8. CBC asserts that, upon information and belief, this civil action is brought in bad faith and for the purpose of harassment and, therefore, upon dismissal of this case, the Court should award CBC attorneys' fees and costs for work expended in defense of this civil action pursuant to 15 U.S.C. § 1692k(A)(3).

9. CBC reserves the right to assert any other additional or affirmative defenses and claims of avoidance as may be appropriate based upon facts and issues disclosed during the course of additional investigation and discovery.

**WHEREFORE**, having answered the Amended Complaint against it, Defendant CBC, LLC requests that:

1. The Court dismiss the Plaintiff's Amended Complaint and this civil action with the costs taxed to the Plaintiff;

2. That, upon dismissal of this civil action, the Court award the Defendant CBC, LLC a judgment against the Plaintiff, Amanda Haskins, for attorneys' fees and expenses incurred in defense of this civil action pursuant to 15 U.S.C. § 1692k(a)(3); and

3. The Court grant CBC, LLC such other general and further relief as this Court deems appropriate.

Respectfully submitted,

VAN WINKLE, BUCK, WALL, STARNES AND DAVIS, P.A.

*/S/JAMES DAVID NAVE*
JAMES DAVID NAVE, TN #013897
*Attorney for Defendant*
*CBC, LLC*
11 North Market Street
P.O. Box 7376
Asheville, North Carolina 28802
Telephone: (828) 771-2454
Facsimile: (828) 257-2767
dnave@vwlawfirm.com

## CERTIFICATE OF SERVICE

I certify that on this 22d day of March, 2018, I served a copy of the foregoing Answer to Plaintiff's First Amended Complaint through the Court's Electronic Case Filing System to:

Brent S. Snyder, Esq.
Attorney for Plaintiff
Banks & Jones
2125 Middlebrook Pike
Knoxville, Tennessee 37921
brentsnyder77@gmail.com

*/s/JAMES DAVID NAVE*
James David Nave

4844-8359-4591, v. 1

6

Case 3:18-cv-00001-TWP-HBG   Document 14   Filed 03/22/18   Page 6 of 6   PageID #: 57